## PLUMMER v. MESERVE.

Upon an auditor's report being filed, a party waives his right to a trial by jury, if he submits the questions raised by the report to the court for decision, without reserving the right to such a trial.

This case, assumpsit by Anson Plummer against David Meserve, had been to an auditor, who reported a balance of accounts in favor of the plaintiff, subject to the opinion of the court upon a special finding of facts with respect to some items. At this term the report was submitted to the court by the parties, and upon the special findings of the auditor the court ordered judgment for the defendant. The plaintiff thereupon signified his election to have a trial of the cause by jury. The court *pro forma* granted the plaintiff's motion for a trial by jury, and ordered the cause continued for that purpose; and the defendant excepted.

Case reserved.

*Hastings* and *Twitchell*, for the plaintiff.

*G. A. Bingham*, for the defendant.

Isaac W. Smith, J. Ordinarily it will be regarded as a judicious exercise of the discretion of the judge at *nisi prius* " to decline to examine or to decide any questions of law raised by the report of an auditor, unless the parties distinctly waive the right of a trial by the jury, and of a transfer to the superior court." *King* v. *Hutchins*, 26 N. H. 139. Each party has his election, upon the coming in of the report, either to submit it to the court for decision, or to go to the jury. If he elects the former course, he is regarded as waiving the latter. Having his choice of two tribunals, he is not permitted to take his chances with one, and, if the result is not satisfactory, resort to the other. When, therefore, an auditor's report is submitted to the court without reserving the right to go to the jury, the report is treated as a case agreed,

and a trial by jury as waived. *Hoyt* v. *French*, 24 N. H. 198; *Beebe* v. *Dudley*, 30 N. H. 34; *Goodrich* v. *Railroad*, 38 N. H. 390.

If we construe this case as reserving the question whether in the exercise of the sound discretion of the court the plaintiff's motion to go to the jury should have been granted, we are constrained to say that we see nothing in the circumstances of the case to take it out of the ordinary operation of the rule. No right of trial by jury was reserved, and no request to transfer questions of law arising upon the auditor's report was made. There seems to be nothing in the circumstances of this case different from those of any other case founded upon the report of an auditor.

No questions of law being reserved, there must be

*Judgment for the defendant at the trial term upon the report.*